UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-214-JBC**

**KIMBERLY GAITSKILL HURST, ET AL.,** PLAINTIFFS,

**V.** <u>MEMORANDUM OPINION AND ORDER</u>

**LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT, ET AL.,** DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendants, Correctional Medical Services, Inc., Donna Kummer, A.G. Carreon, R. Fields-Napier, Kristy Gray, and Stephen Clancey, M.D., for summary judgment (DE 12). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendants' motion.

**I. Factual Background**

Phillip Dewayne Hurst was an inmate at the Fayette County Detention Center ("FCDC") from April 16, 2004, until his death on May 14, 2004. Pursuant to a contract between the defendants Lexington-Fayette Urban County Government ("LFUCG") and Correctional Medical Services, Inc. ("CMS"), CMS provided medical treatment for inmates in the Fayette County Detention Center. At all relevant times, the defendants Donna Kummer, A.G. Carreon, R. Fields-Napier, Kristy Gray, and Stephen Clancey, M.D., were employed by CMS and were involved in furnishing medical services to Mr. Hurst while he was incarcerated at FCDC.

Before Mr. Hurst left FCDC for work release on May 13, 2004, 124

methadone pills that had been confiscated from him by CMS employees on his admission to the facility were returned to him. When the methadone was returned to him, Mr. Hurst completed and signed a form acknowledging his receipt of the methadone and other pharmaceuticals. The following language was written just above the signature line on the form: "The medication(s)/Medical Product(s) named above have been returned to me. I understand that I am fully responsible for all items. I hereby release and agree to hold harmless Correctional Medical Services, its employees and agents from all responsibility."

When Mr. Hurst returned to FCDC that evening, his behavior was erratic and he was placed in the medical unit where he could be observed by CMS personnel. He was found dead by FCDC personnel around 1:41 a.m. on May 14, 2004. An autopsy revealed that his death was caused by an overdose of methadone that Mr. Hurst had ingested at some point during the day of May 13, 2004.

The plaintiff, Kimberly Gaitskill Hurst ("Hurst"), filed this action on April 25, 2005, alleging various constitutional, statutory, and common-law tort claims. Hurst has sued on behalf of herself, in her capacity as executor of Mr. Hurst's estate, and in her capacity as guardian of Mr. Hurst's daughter, Kristen Gaitskill Hurst.

**II. Standard of Review**

When considering a motion for summary judgment, the Court must determine that there are "no genuine issues as to any material fact and the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). A court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

### III. Legal Analysis

The defendants claim they are entitled to summary judgment on all of the plaintiffs' claims because Mr. Hurst agreed to "release and hold harmless [CMS], its employees and agents from all responsibility" when he signed the form authorizing the return of his methadone on May 13, 2004. Their argument is that this language constitutes a valid exculpatory clause under Kentucky law and that Mr. Hurst's assent to it effectively discharges any liability CMS or its employees might otherwise be subject to for his death.

A plaintiff may waive a future cause of action predicated on the tortious

conduct of a defendant antecedent to a settlement. *Luttrell v. Cooper Indus., Inc.*, 60 F. Supp. 2d 629, 632 (E.D. Ky. 1998). Kentucky law, however, disfavors agreements to release another from liability for personal injury caused by negligence, and such releases are interpreted narrowly and against the protected party. *Donegan v. Beech Bend Raceway Park, Inc.,* 894 F.2d 205, 207 (6th Cir. 1990); *Hargis v. Baize*, 168 S.W.3d 36, 47 (Ky. 2005). The wording of the release must be "so clear and understandable that an ordinarily prudent and knowledgeable party to it will know what he or she is contracting away; it must be unmistakable." *Hargis*, S.W.3d at 47 (quoting 57A Am. Jur. 2d *Negligence* § 52 (2004)).

The court is unpersuaded by the defendants' argument that the return form signed by Mr. Hurst operated as an effective release of the liability of CMS or its employees. The clause relied upon by the defendants does not purport to waive any claim against CMS or its employees based on personal injury or negligence. The form merely states that Mr. Hurst was responsible for the items he received from CMS employees and that he agreed to release CMS and its employees from any responsibility. When read as a whole, the disclaimer is most reasonably interpreted as a waiver of liability only for any loss or damage to the property returned to Mr. Hurst. A reasonable person in Mr. Hurst's position would not have expected that, by signing the form in question, he waived all of his possible personal injury and constitutional claims against the defendants arising from their conduct. The court therefore finds that the form signed by Mr. Hurst did not

4

purport to relieve the defendants of the liability on which the plaintiffs' claims are based, or, if it did purport to do so, Mr. Hurst reasonably did not so interpret it.[1] Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment is **DENIED**.

Signed on August 14, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[1] Even if the provision relied upon by the defendants could be construed as an effective waiver of liability, the court could not grant their motion for summary judgment. Under Kentucky law, one may release another for ordinary or gross negligence but not for willful or wanton negligence. *Donegan,* 894 F.2d at 208. In this case, the parties agree that CMS employees delivered 124 methadone pills at one time to Mr. Hurst, an inmate at a state penitentiary. A jury could reasonably conclude that such conduct was wanton and therefore outside the scope of any valid release under Kentucky law.

5